Smyser, J.
The case of O. A. Myers et al. v. Albert B. Lucas, is here on a petition in error to reverse the judgment of the court of common pleas. The issues made up, and on which the case was submitted to the jury, were an amended petition, an answer and aNeply. Numerous errors are assigned. The first error assigned is that the court of common pleas erred in overrulingjCthe demurrer of the plaintiff in error to the reply and the amended petition. The amended petition recited the fact that on the 26th of February, 1845, by a special act of the legislature, Lodge 34 (I will call it the Odd Fellows’ Order) was incorporated; the charter -was to expire in thirty years by limitation. That notwithstanding the expiration of the time, the association had continued in the operation of the business for which the association was originally incorporated. It sets out the objects of the order. That the plaintiff, Lucas, was a member of this order; became a member in 1884 or 1885; and that he was such a member as was entitled to sick-benefits under certain circumstances. That, while a member in good standing and entitled’jto benefits, without his own misconduct, he became sick and disabled, and entitled to benefits at the rate of four dollars^and a half a week. That he had partial paralysis; that he partially recovered from that; recites the *547 fact that he did receive benefits part of the time; that he-had a second stroke; a demand for benefits and a refusal to-pay by the association; and asks a money judgment. To-that a general demurrer was interposed. It was more than a general demurrer, I might say. First: That the court', has no jurisdiction over the persons of the said defendants, or either of them, or the cause of action set up in said amended petition. That said amended petition does not-state facts sufficient to constitute a cause of action against-said defendants, or either of them.
Section 5062: “The defendant may demur to the petition only when it appears on its face either: 1. That the court has no jurisdiction of the person of the defendant, or-the subject of the action.”
It would require a good deal of fine figuring to ascertain-just how it is apparent on the face of this petition that the-court has no jurisdiction of the subject matter or of the-persons, in view of what we shall say hereafter. It was a-, money demand, set out in the ordinary language provided for in section 5060:
“The first pleading on the part of the plaintiff shall be-the petition, which must contain: 1. The name of the-court and the county in which the action is brought, and. the names of the parties, followed by the word ‘Petition’. 2. A statement of the facts constituting the cause of action, in ordinary and concise language. 3, A demand of" the relief to which the party supposes himself entitled;” And so on.
The plaintiff alleged in his petition that all the members-of this association were not brought before the court; that it was impracticable; but he did set out, in ordinary and1 concise language, the facts constituting his cause of action, and it was not apparent-upon the face of the petition that the court had not jurisdiction of the subject matter; neither-was it apparent upon the face of the petition that the court had not jurisdiction over the person of the defendant- — this- *548 dodge, corporation, association, or partnership, orjwhatever you may please to term thisjdefendant. So we think that •the demurrer was properly overruled.
But, it is suggested that all of the defendants were not properly before the court. We ought to construe section 5008 in connection with 5060.
“•When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it is impracticable to bring them all before the ■court, one or more may sue or defend for the benefit of all.”
. That does not change the rule in section 5060. He shall • state the facts in the same ordinary and concise language, and give the court the reason for not bringing all the persons before the court by process. That was so done in this •case. So, we think there was no error of the court in overruling the demurrer to this petition. It stated a good cause •of action.
To the petition an answer is filed. It admits several matters, but, in substance, it is a general denial. The second ■defense denies the jurisdiction of the court, for the reason, • as set forth at great length, that the association, against whom the plaintiff was claiming relief, had provided for the determination of the very subject matter in controversy. That, by the rules of the order of which he was a member, and the State order, I may call it, an appeal was provided for; error was provided for; in other words, a tribunal was provided for tc hear and determine the very question; that had been done; and the provisions by which this tribunal is provided for are plead and set out in the answer. It al•so denied that he was a member in good standing. To the answer, the plaintiff files a reply; and, after making certain admissions, denies each and every other allegation, and •says the same are untrue. That is a general denial against mew matter, and would surely constitute a defense, not *549 vulnerable to demurrer. The code provides, in section •5070, what the answer shall contain: 1. A general or specific denial of each material allegation of the petition ■controverted by the defendant,
“a. A statement of any new matter constituting a defense, counterclaim, or set-off, in ordinary and concise language.”
This the answer did. It set up new matter to avoid liability upon the cause of action set out in the petition.
Section 5079:
‘‘When the answer contains new matter, the plaintiff may Teply to such new matter, denying generally or specifically ■each allegation controverted by him; and he may also allege, in ordinary and concise language, any new matter not inconsistent with the petition, constituting an answer to such new matter in the answer.”
The defendant had alleged new matter, in strict compliance with the code; and the plaintiff replied. He goes further (and we think that this is only a general denial practically) and says: ‘‘That said defendants and said lodge refused to pay said benefits, and denies that this lodge or this order furnished him the tribunal provided for in the answer, and that there was an adjudication of his claim by any such tribunal.” That would be equivalent to a general denial. The issue would have been raised. So, ■in this respect there was no error.
Something has been said as to the character of this order. We are not clear but what this order could have been sued as a corporation, but, be that as it may, we think, under section 3232, and especially 3233, and 3234, the case in 6 C. C., 275, and 50 Ohio St., 276, that this is still a corporation, although its charter was a special charter and has expired'by limitation; for the reason that this association is still continuing to do business, j’ust as though there had been no expiration. The case in 6 C. C, 275, involves the *550 Knox county Mutual Ins. Co., created by a special charter. If it were material we would hold that this lodge is still a corporation; it is exercising corporate powers, and it has brought itself under section 3234 of the Revised Statutes.
The next error that is assigned is the admission and exclusion of evidence. On page 7 is the first error, and, as these are questions of similar character, the disposition of one will dispose of all of them, in the view of the court. This is Lucas himself: “How has your general health been since the second stroke? Describe that to the jury.” An objection, and exception. By the rules, the plaintiff could only recover if he was not in good health,or not able to earn a livelihood. On page 5 of the little book “By-laws, Olive Branch Lodge No. 34, I. O. O. F.”: “Sec. 1. Each member of this lodge who,in good standing,shall be disabled by sickness or injury to his person from following his usual business avocations, provided said sickness or injury shall not have been occasioned by his own improper conduct, and shall have been a member thereof, by initiation, six months, or upon card for three months, and not in arrears for dues, shall be entitled to reeeive from the funds of the lodge, weekly benefits as follows:” * * * It was incumbent upon the plaintiff, as part of his case, to show that he had been a member six months; that he was a member of good health when initiated; and that he was disabled; otherwise, he would not be entitled to these benefits. Under this rule, it was not only proper, but it was incumbent upon him to show his condition of health, and he was a competent witness to testify upon that subject.
On page 29, the question comes up from the witness Taylor, who was an employe of Lucas, and he is asked: “State what was the coriditiiou of Mr. Lucas physically”.
True, Mr. Taylor was not an expert; he was not a physician; but we do not think that he would need to be. It is a mere opinion as to his condition;, he' wasn’t well1;' it was probably patent; it was physical.
*551 On pages 31 and 32 is a statement of what a witness, Tom, who was not present in court, would testify to, under the same objection. We think it was proper.
At the conclusion of the case as made by the plaintiff, a motion was made to take this case from the jury. Without any discussion, much that was said by Judge Adams in the case of B. & O. R. R. Co. v. VanHorn is applicable here.
It does appear that Lucas was a member of this order. He had complied with the terms required of him; he was in good standing; he had been disabled by sickness; there was evidence tending to show that he was entitled to benefits; that he had made a demand arid had been refused; and it would have been error in the court at that point to have directed a verdict for the defendant.
On page 49, the defendant entered upon its defense, and the defendant, as a part of its defense, is offering the laws for the government of the Independent Order of Odd Fellows of the state of Ohio. That is this little book. It is practically all in the record. On page 73: “Counsel for defendants here proposed reading in evidence notes to decisions at the end of section 221, as contained in the above book referred to. ” An objection, by plaintiff; objection sustained, and exception. It was competent to offer the rule, but it would not be competent to offer what construction had been placed upon that rule by the order, because that was the very question in litigation. It was for the court then hearing the case to determine the rule, and not what construction had been placed upon it by the order itself. That same observation would apply to the exclusion of evidence on page 93.
On page 111 Mr. Lucas is asked if he had been notified of the charge that was made against him. He answered; “No”. The order had plead that there was a proceeding had in the order; that he had been duly notified in conformity'with the rules; he disputed that. From the testi *552 mony that was before the court and jury, it was competent for him to deny that he had ever been notified of the proceeding that was taken.
He was also interrogated, on page 113, as to what Jones said to him. Jones was a member of the committee. He is telling the questions that Jones asked him. We think that would be competent in view of what this record shows as to the way this committee performed its duties. They do not seem to have acted as a committee except, perhaps, in taking the testimony of one or two of these witnesses. Jones, it seems at his store, was asking him, and it probably was proper, being a member of this committee of the ledge; that rule providing against drunkenness, etc., and the claim being made by the order that Lucas was drunk, —Ihat he had been taken home drunk — it was proper to interrogate upon that subject.
On page 115, he is interrogated as to whether Major Nichols, who was also a member of this committee, asked him certain questions. On page 147:
“And when you got together, each one made their own report as to what they had heard ?” This is the witness Siegle. An objection is made there. “Each committeeman, as I already stated, has a certain part to perform, and which we did”. There is nothing improper in it, and it would only be right and fair that this plaintiff, if he had any status in court at all, should have the action of the committee, either how it conducted itself as a whole, or how the individual members of the committee conducted themselves in respect to the matter that they were investigating, and submitting to each other.
On page 159, Oarlile is asked something about the certificate of Dr. Larimore,and he is permitted t<? answer. There could be no prejudical error here. Not only was it not prejudicial to admit it, but it would have been error probably not to have admitted it, because the rules that are already *553 offered in evidence provide, in certain cases, before the-member shall be entitled to sick benefits, he shall produce a certificate of a physician. He had done that. Upon what principle it would have been error to admit it, we do not. understand.
Those are the chief errors, outside of the exceptions to-the refusal of the court to charge as requested, and to the charge as given. The chief witnesses were the plaintiff' himself, Jones, Siegle, Garble and Fulton. The chief contention here was whether or not the paintiff pursued the-course provided for by the rules of the order for the receipt of benefits to which he was entitled. The order contended that the tribunal was open to him; that he did not pursue his remedy. On the other hand, it was contended by Lucas that an appeal was denied him. That was the issue in fact submitted. There was no material contention between the order and Lucas as to the amount he should be entitled to, if he was entitled to anything at all. Upon this, the burden was upon the order. It set up this new matter. What were the facts? Garble is the secretary. He says-that there was no notice of appeal given, but it does turn out that in this^record is a copy of a written notice of appeal, given by Lucas, found among the papers of this order. The original, for some reason, is not forthcoming. Lucas says that on the every night in question he gave-notice of appeal, in open lodge; he gave a written notice;that he then said he wanted a transcript; he made the demand; he seems to have pursued his demand; he employed' a lawyer; according to the rules, a transcript was necessary to take an appeal to the deputy grana master. Fulton was his attorney, a member of this order, demanded a transcript, and says that a transcript was received; that it was furnished to the grand master at Toledo, — Mr. Dow_,the proper officer to whom it should go. Dow says it was returned to Jones, who was his successor, as deputy grand master.. *554 ■Carlile in his testimony says that the notice was given, but hie made no record of it. Mr. Fulton is very explicit in saying that he demanded a transcript. It was furnished, It was forwarded to the proper officer (Dow); a letter is here, ■ and there is some objection to that letter; and we just say, in passing, that it was competent, for this reason: he was the person to whom he should forward the communication, and he did it in the ordinary way. It was not expected of him ■that he should jump on the train and carry this in person; he resorted to the mail; he forwarded his communication to Dow; Dow says it was returned here. He had a right to inquire of Dow when he could not find where that transcript was; Dow was the predecessor; it had gone to him; Dow says he returned it to Jones. After it is here, Fulton ■sees Jones, and fixes a time when this appeal may be heard; ■ and it runs along until finally he says to him that there is nothing to be heard. That there is no appeal here; it has been disposed of by the committee or somebody else.
We think this record fairly shows that the jury was warranted in finding, upon this evidence, that the plaintiff had not been accorded that hearing which he was entitled to have under the rules of the order. And, as a matter of law, if it were necessary, the court could have ignored that entirely. The case in 56 Ohio St. probably goes to the extent of holding that these regulations in orders which preclude a member from going into the civil courts to assert a right, but must submit to the tribunal provided for by the •order of which he becomes a member, are void. But, that was not necessary in this case. The question here, which was purely one of fact, turned upon the question of whether •or not an appeal had been effected. The jury found (and we think fairly so from this record) that Lucas was denied an appeal. Counsel for Lucas concede as the law of the ■case that Lucas must pursue his remedy before the tribunal • provided for by the order itself; but says that that was not *555 done, and that was the very question that the jury had to; pass on. We cannot see but what the jury were warranted» in finding as they did, if the instructions were proper.
S. L. James, and S. M. Hunter, for Plaintiffs in Error.
Edward Kibler, for Defendant in Error.
There were three requests asked to be given to the jury;; and, true, the court did not give them in so many words;-, probably one of them he did not give at all even in substance.. But, it does not follow that it is prejudicial error, because the court did cover in his chaige every material element involved in the case; and unless there was error in the charge given, even if some abstract proposition were requested to be given that was good law, if the charge as a whole cover— .ed it, it would not be prejudicial error, and the court would not reverse on that account; and in that respect we do not’, find any error.
There were a great many exceptions taken to the charge-as given; in fact, every paragraph, nearly, is excepted to,, but when you come to look at the charge, we think that the-court submitted to the jury fairly and under proper instructions the issues to be determined by them. Astheeasefinally arranged itself, it got to be a mere contention between this order and this plaintiff as to whether or not Lucas was accorded a hearing as provided for by the rules of the order, and, upon that proposition, the jury found in favor of Lucas. We think upon the whole that this judgment was right, and it must be affirmed,